1   ROBERT LACAMBRA
    INDIGENT LITIGATOR
2   NO CURRENT ADDRESS
    robertsjustice@live.com
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

10/07/2021

CENTRAL DISTRICT OF CALIFORNIA
BY:_____JD_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

ROBERT LACAMBRA

        Plaintiff,

    v.

HOOVES LIQUOR STORE OF ORANGE
AND ROBERTO GONZALES

        Defendant.

CASE#: 8:21-cv-01660-CAS-KES

**PLAINTIFF ROBERT LACAMBRA'S EX PARTE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF; AND EXHIBITS**

MAGISTRATE HON. KAREN E. SCOTT
COURTROOM: SANTA ANA - 6D
DATE FILED: OCTOBER 6, 2021
TRIAL DATE: NONE SCHEDULED

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on the court's direction, at a time in which the matter could be heard, in Courtroom 6D of the above-entitled Court, located at 411 W. 4th Street Santa Ana, California 92701, Plaintiff Robert Lacambra (Plaintiff) will and hereby does, move the court to issue Temporary Restraining Order prohibiting the exercise of certain authorities vested in the Defendants that impinge on his rights. He will seek an order for the issuance of an order prohibiting the removal of his '90 GMC Suburban and '98 Toyota Corolla and other personal effects from defendant's parking lot.

Plaintiff also seeks an order to show cause why a "Preliminary Injunction" should not issue.

This application is based on the declaration of Plaintiff Robert Lacambra and on the supporting memorandum, on papers and records on file herewith, and on such oral and documentary evidence as may be presented at the hearing, if any, on the motion.

Dated: October 6, 2021

/s/ Robert Lacambra
ROBERT LACAMBRA – Plaintiff, In Pro Se

1

**TABLE OF CONTENTS**

2

NOTICE TO PARTIES  .......................................................................  2
MEMORANDUM OF POINTS AND AUTHORITIES  ........................  4
DISCUSSION AND ANALYSIS  ...........................................................  5
COMPLAINT POSTURE  ......................................................................  6
THE COMPLAINT HAS NOT BEEN SERVED  ................................  8
ISSUANCE OF A TEMPORARY RESTRAINING ORDER IS JUSTIFIED  ................  8
LIKELIHOOD OF ROBERT SUCCEEDING  .....................................  9
IRREPARABLE DAMAGE OR INJURY  ...........................................  10
THREAT IS IMMEDIATE  ..................................................................  11
BALANCE OF HARM WEIGHS IN FAVOR OF ROBERT  .............  12
NO OTHER REMEDY EXISTS  ........................................................  12
A TRO WOULD SERVE THE PUBLIC'S INTEREST  ....................  12
CONCLUSION  .....................................................................................  13
DECLARATION OF ROBERT LACAMBRA  ...................................  14

**TABLE OF LAWS**

STATUTES
FEDERAL
42 USC § 1981(b)  ............................................................................  6

STATE (COMMON LAW)
Harassment  .........................................................................................  6
Intentional Interference With Contractual Relations  ...........  6
Breach of Contract  ..........................................................................  6
Breach of Implied Covenant of Good Faith and Fair Dealing  .........  6
Intentional Infliction of Emotional Distress  ......................  6


CASE LAWS
AMOCO PRODUCTION CO. V GAMBELL,
480 US 531 - Supreme Court 1987  ...........................................  8
MUNAF V. GEREN.
553 US 674 - Supreme Court 2008  ...........................................  8
WEINBERGER V. ROMERO-BARCELO
456 US 305 - Supreme Court 1982  ...........................................  8
WINTER V. NATURAL RESOURCES DEFENSE COUNCIL, INC.,
555 US 7 - Supreme Court 2008  .................................................  8

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

May it please the court, Pursuant to Rule 65 of the Federal Rules of Civil Procedures, Plaintiff Robert Lacambra ("ROBERT") respectfully moves the court for an Emergency Temporary Restraining Order in Ex Parte seeking an order for Defendant Hooves Liquor Store of Orange ("HOOVES") to refrain from removing his vehicles a '90 GMC Suburban and a '98 Toyota Corolla (EXHIBIT A) and other belongings from their parking lot until a reasonable time such that issues on the Verified Complaint are deliberated upon by the court and its fact finders.

In accordance, ROBERT also seeks an order for the Defendant(s) to show cause why the Preliminary Injunction should not be granted and all other ancillary relief that the court may provide.

LEGAL AUTHORITY

FRCP RULE 65. INJUNCTIONS & RESTRAINING ORDERS

(a) PRELIMINARY INJUNCTION.

(1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.

(2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) TEMPORARY RESTRAINING ORDER.

1     (1) *Issuing Without Notice.* The court may issue a temporary

2 restraining order without written or oral notice to the adverse

3 party or its attorney only if:

4     (A) specific facts in an affidavit or a verified complaint

5 clearly show that immediate and irreparable injury, loss, or

6 damage will result to the movant before the adverse party can be

7 heard in opposition; and

8     (B) the movant's attorney certifies in writing any efforts

9 made to give notice and the reasons why it should not

10 be required.

11

12                    **DISCUSSION AND ANALYSIS**

13     ROBERT stands before this court as a homeless litigator who

14 lives in a '90 GMC Suburban parked behind a liquor store

15 (DEFENDANT HOOVES) in Orange. He is currently in a dispute with

16 the defendant on the matters raised in his Verified Complaint

17 filed in this court on the 6th of Ocober 2021. It was filed in

18 response to a notice to remove his vehicles on the property of

19 the defendant's.

20     This Emergency Request for Temporary Restraining Order seeks

21 to save ROBERT's '90 GMC Suburban and '98 Toyota Corolla from

22 being towed away. Because of his current financial state, ROBERT

23 will not have the resources to be able to redeem it from the tow

24 yard. He is also neither able to park it nor operate it on public

25 roads as they are not currently registered.

26     A verbal notice was already issued on the 5th of October 2021

27 by the owner/operator of HOOVES to move the vehicles by the

28 11th of October or it will be towed. ROBERT has been staying in

the parking lot with explicit permission from the management of
Hooves Liquor Company, who is engaged in a dispute with ROBERT
regarding his termination from work.

**COMPLAINT POSTURE**

Responding to the "Tow Away Notice" ROBERT filed a Verified
Complaint the next day, the 6th of October invoking 42 USC §
1981(b) and several state causes of action that are so closely
linked, including:

1. Harassment
2. Intentional Interference With Contractual Relations
3. Breach of Contract
4. Breach of Implied Covenant of Good Faith and Fair
   Dealing, and
5. Intentional Infliction of Emotional Distress.

The immediate issues that the complaint brings to bar
alleges that a verbal agreement was struck between ROBERT and
DEFENDANT HOOVES. DEFENDANT GONZALES, a supervisor at the
establishment, interfered with the contract and deprived ROBERT
of its benefits, including terminating him.

ROBERT demanded a workplace that was safe, clean and decent.
It was countermanded by the installation of a speaker system near
his workstation and used to project the profane and demeaning
lyric stylings of gansta rap artists. When he objected, he was
ignored and placed in a situation that led
to his constructive termination.

The result of the termination caused him to lose his income,
rendering him unable to maintain his obligations including the

mechanical upkeep and the registration for his vehicles. It later became known that despite working and earning wages from DEFENDANT HOOVES between August 21, 2018 until December 16, 2020, his income was not reported to the EDD, excluding him from seeking unemployment benefits (EXHIBIT B) through the difficult COVID-19 pandemic.

Prior to the termination, the agreement that ROBERT and HOOVES struck offered the following provisions:

1. ROBERT is to work two hours three evenings per week and get paid $10 per hour.
2. ROBERT's work in the parking lot off-hours is not paid for.
3. ROBERT is allowed to park two vehicles, a '90 GMC Suburban and a '98 Toyota Corolla at the Hooves Liquor Store parking lot.
4. ROBERT is allowed to sleep in his vehicle there at night.
5. ROBERT is to serve as pseudo-watchman of the property at night.
6. ROBERT is to maintain the parking lot, removing weeds and sweeping it at reasonable intervals.
7. ROBERT is allowed to store certain things in the parking lot, including a desk and his other personal effects that could not be stored in his vehicles.
8. ROBERT is to avail of a discount on certain products (i.e. a gallon of water for $2, normally $3 etc.)
9. HOOVES is to sponsor ROBERT's 24 Hours of Lemons race team ('98 Toyota Corolla).

Despite the termination, ROBERT continues to reside in his

'90 GMC Suburban which is parked on defendant's parking lot. He still maintains the parking lot and serves as the watchman for the parking lot in the evenings with explicit approval and instruction from the owner/operator without compensation. The arrangement is also predicated on the avoidance of an action in court, a possibility proclaimed upon GONZALES the evening he was fired.

Until the day of his termination, the interactions among the staff at HOOVES, GONZALES and ROBERT had been civil. There was an effective détente since the incident. However, yesterday the owner/operator of HOOVES approached ROBERT at the parking lot as he was having lunch and aggressively told ROBERT to move the cars and all his things out of the property by Monday, October 11, 2021, serving the opening salvo for this action in court.

### THE COMPLAINT HAS NOT BEEN SERVED

The case was filed through the EDSS system on the 6th of October, 2021. Service of Process has not been initiated.

### ISSUANCE OF A TEMPORARY RESTRAINING ORDER IS JUSTIFIED

The US Supreme Court has held that:

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. See Munaf v. Geren, 553 U.S. 674, 689-690, 128 S.Ct. 2207, 2218-2219, 171 L.Ed.2d 1 (2008); Amoco Production Co. v. Gambell, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-312, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982). (Winter v. Natural Resources Defense Council, Inc., 555

1  US 7 - Supreme Court 2008 at 374)

2

3      In a composite of Winter and other decisions, courts are

4  usually agreeable to a party's application for preliminary

5  injunction if it succeeds in demonstrating 6 elements together:

6    1. That there is a substantial likelihood of success on the

7       merits of the case;

8    2. That they face a substantial threat of irreparable damage or

9       injury if the injunction is not granted;

10   3. The threat is immediate;

11   4. That the balance of harms weighs in favor of the party

12      seeking the preliminary injunction;

13   5. There is no other available remedy; that

14   6. That the grant of an injunction would serve the public

15      interest.

16

17     Although the standards for the issuance of a Temporary

18  Restraining Order, because of its 14-day limit, is lower than

19  that of a Preliminary Injunction, ROBERT demonstrates that the

20  same elements required of a Preliminary Injunction have been met

21  by this emergency Temporary Restraining Order request.

22

23              **LIKELIHOOD OF ROBERT SUCCEEDING**

24     In entering into an agreement with ROBERT, HOOVES had an

25  obligation to treat him fairly and equitably. ROBERT was paid $10

26  per hour from the day he started working at HOOVES on August

27  21, 2018 until December 16, 2020. His wages did not increase

28  despite legislation that mandated a gradual escalation of hourly

pay (EXHIBIT D).

Then, as required by law, HOOVES was obligated to report ROBERT's wages and pay applicable taxes, Social Security and Workman's Compensation Insurance. HOOVES did not, (EXHIBIT B) excluding ROBERT from seeking unemployment benefits immediately after his termination.

Just these two facts alone are enough to show prima facie violations implicating the Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing causes of action. A reasonable fact finder would not be able to decide otherwise.

Moreover, the broader issues of whether an employee has the right to demand a decent workplace, free of music with profanity, played in a harassing, intimidating, demeaning and disruptive manner, should be predictably decided in favor of ROBERT.

**IRREPARABLE DAMAGE OR INJURY**

The court may be well convinced that a preliminary injunction, if ordered, will provide ROBERT the following:

1. Prevent the spoliation of evidence, and keep the status quo;

2. Prevent ROBERT from landing on the streets; and

3. Prevent further physical, emotional and psychological manifestations including feelings of suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and interrupted sleep.

With those three reasons, it should also be clear to the court that damage and injury is imminent if a temporary

restraining order is not issued. ROBERT does not have the
financial resources to get a room anywhere that could shelter him
for even a day. Nor does he have the resources to retrieve his
vehicles from the tow yard in the event of a tow away. The filed
"Request to Proceed In Forma Pauperis" reveals to the court a
relative income of approximately $4483 in the last 12 months
(EXHIBIT D). As of this writing, he has less than $8 to his
name.


**THREAT IS IMMEDIATE**

The removal of the '90 GMC Suburban and '98 Toyota Corolla
from HOOVES' parking lot is scheduled for Monday the 11th of
October. Once the vehicles are removed, there is no way that
ROBERT will be able to retrieve it. That evening, he will most
certainly be sleeping on the streets.


**BALANCE OF HARM WEIGHS IN FAVOR OF ROBERT**

Because of life's circumstances, ROBERT lives in his '90 GMC
Suburban. Given that he is unemployed and was unable to receive
unemployment insurance claims, his financial situation
is untenable. Losing his vehicle, his shelter can hardly be
remedied by sleeping on the streets or besides a building.
Unfortunately, no housing options are available to him, nor the
replacement of all that he stands to lose if his vehicles are
towed.

By contrast HOOVES will suffer no prejudice, as the parking
lot is often empty, leaving enough space for customers to park
and engage in shopping.

11

1

**NO OTHER REMEDY EXISTS**

2    In this case, financial resources dictate the means by which

3  this problem can be confronted. As of this time, both vehicles

4  are inoperable and in various states of being repaired and made

5  road worthy. Absent the repairs, the fact that both vehicles are

6  not registered, no other remedy exists except an order

7  prohibiting its removal.

8    DEFENDANTS' wrongdoings were contributory to the financial

9  morass that ROBERT experiences. Had they been faithful to the

10  agreement, ROBERT would still be employed and may have raised and

11  saved enough money to be able to confront many of his challenges

12  including being able to have his vehicles made roadworthy and

13  legal.

14

15

**A TRO WOULD SERVE THE PUBLIC'S INTEREST**

16    It can hardly be argued that ROBERT joining the ranks of

17  those who sleep on America's streets can be good for the public's

18  interest. He is already homeless, the vehicles the only things

19  that stand in the way of him sleeping on the floor.

20    America is in the midst of a homelessness crisis. It is a

21  problem of our time solved one person at a time. Court willing,

22  this Plaintiff will never sleep on the streets and become a

23  charge to society.

24    Therefore, ROBERT seeks a Temporary Restraining Order;

25        1. Temporarily restraining and enjoining DEFENDANTS from

26           removing ROBERT's vehicles, a '90 GMC Suburban and '98

27           Toyota Corolla.

28        2. Temporarily restraining and enjoining DEFENDANTS from

1             removing any personal property or effects that ROBERT

2             may have on the parking lot as a result of not being

3             able to store them in his vehicles.

4       3. Temporarily restraining and enjoining any third party

5          from doing the same.

6       4. Requiring DEFENDANTS to show cause why this court

7          should not issue a preliminary injunction extending

8          such temporary relief pending on adjudication on the

9          merits; and

10      5. Providing for other equitable relief.

11

12                    **CONCLUSION**

13     Based on the foregoing, ROBERT humbly requests a

14 the issuance of a Preliminary Injunction prohibiting DEFENDANT

15 HOOVES from moving his vehicles from their parking lot, until

16 such time as the court sees fit to decide on the merits of this

17 case.

18

19 Respectfully submitted,

20 Dated: October 7, 2021

21

22 /s/ Robert Lacambra

23 ROBERT LACAMBRA – Plaintiff, In Pro Per

24

25

26

27

28

**DECLARATION OF ROBERT LACAMBRA**

I, Robert Lacambra, declare as follows:

1.    I am the plaintiff in this action who conducts this case in Propria Persona. I have personal knowledge of the facts stated herein, and, if called upon to do so I could and would competently testify thereto under oath.

2.    In accordance with Rule 65, there is no initial notice requirement for a Temporary Restraining Order. However, I will serve notice on matters relating to a Preliminary Injunction if and when required and as the court sees fit.

3.    On August 21, 2018, I joined Hooves Liquor Store of Orange as a stocker of coolers. The verbal agreement of my employment included the following provisions:

   1. That I was to work two hours three evenings per week and get paid $10 per hour.
   2. That any work I do in relation to the parking lot off-hours is not paid for.
   3. That I will be allowed to park two vehicles, a '90 GMC Suburban and a '98 Toyota Corolla at the Hooves Liquor Store parking lot.
   4. That I will be allowed to sleep in my vehicle there at night.
   5. That I will serve as watchman of the property at night.
   6. That I will maintain the parking lot, removing weeds and sweeping it at reasonable intervals.
   7. That I will be allowed to store certain things in the parking lot, including a desk and his other personal effects that could not be stored in his vehicles.

14

8. That I will avail of discount on certain products (i.e. a
   gallon of water for $2, normally $3 etc.)

9. That HOOVES will sponsor me in 24 Hours of Lemons race team
   ('98 Toyota Corolla).

4.   On August 21, 2018, as part of my compensation, Hooves Liquor Store of Orange paid me $10.00 per hour until my termination on December 16, 2021.

5.   On April 4, 2016, then-Governor Edmund Brown signed a law mandating the increase of wages for employees of companies with less than 25 individuals to increase to $10.50 beginning January 1, 2018, increase to $11.00 beginning in January 2019 and increase to $12.00 beginning in January of 2020. In my entire employment there at Hooves Liquor Store of Orange, my wage stayed at $10.00. A true and correct copy of a document entitled Official Notice California Minimum Wage is attached as EXHIBIT D.

6.   On December 16, 2020. I was terminated by the evening manager Roberto Gonzales (DEFENDANT GONZALES) after arguing about the profanity-laced and harassing gansta rap music that he was playing on the store's sound system. It was within the hearing radius of my workspace.  The music was objected to several times on different days and my displeasure was made known to the owner/operator who did nothing.

7.   Since December 16, 2020 I have continued living inside my '90 GMC Suburban in the parking lot, maintaining and keeping the grounds swept. I have also been serving as might watchman with explicit approval and encouragement from the owner/manager.

15

8.   On October 5, 2021, the owner/operator of Hooves Liquor Store of Orange (DEFENDANT HOOVES) approached me at the parking lot where I was having lunch and informed me that my vehicles will have to be moved from their parking lot on or before the 11th of October 2021. Failure to do so will result in the vehicles being towed away at my expense. A true and correct copy of a picture depicting the '90 GMC Suburban and the '98 Toyota Corolla is attached herewith as EXHIBIT A

9.   On July 17, 2021, I requested income information from the EDD to determine whether income that was generated during my employment with HOOVES was reported. The document confirms that no reporting was made to the department. A true and correct copy of the document entitled "Response To Request For Wage Information" is attached herewith as EXHIBIT B.

10.  On October 6, 2021 I filed this case through the US District Court's EDSS system. Although a confirmation of its submission has been received, an official court-filed complaint and summons have yet to be issued through PACER and the CM/EFC portals. As of this filing defendants have not been served and no attorneys have appeared on their behalf. A true and correct copy of a document entitled "Confirmation of Filing" is attached herewith as EXHIBIT C.

11.  I am a homeless litigant living in an inoperable '90 GMC Suburban parked behind a liquor store in the City of Orange, California. As my "Request To Proceed In Forma Pauperis" filed in this court shows, I raised approximately $4,483 in the last 12 months. As of this writing, I have no more than $3.00 in my pocket and will not be able to afford a room anywhere in the

16

1  event my vehicles are removed from the lot of DEFENDANT HOOVES. A

2  true and correct copy of a document entitled "Request to

3  Proceed In Forma Pauperis" is attached herewith as EXHIBIT D.

4      I declare under penalty of perjury under the laws of the

5  United States of America that the foregoing is true and correct.

6  Executed on October 7, 2021 at the City of Orange, County of

7  Orange, California.

8

9  /s/ Robert Lacambra

10  ROBERT LACAMBRA – Plaintiff, In Pro Per

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION
LACAMBRA V. HOOVES LIQUOR STORE OF ORANGE

**REQUEST FOR TEMPORARY RESTRAINING ORDER**

**EXHIBITS LIST**

EXHIBIT A – PICTURE OF ROBERT'S '90 GMC SUBURBAN & '98 TOY COR

EXHIBIT B – EDD WAGE INFORMATION

EXHIBIT C – CONFIRMATION OF CASE FILING

EXHIBIT D – MINIMUM WAGE LEGISLATION

EXHIBIT E – REQ. TO PROCEED IN FORMA PAUPERIS

# EXHIBIT A



# EXHIBIT B



Employment
Development
Department
State of California



Gavin Newsom, Governor
California Labor and Workforce Development Agency

July 20, 2021


ROBERT LACAMBRA
655 S. MAIN ST SUITE 200 #160
ORANGE, CA 92867

## RESPONSE TO REQUEST FOR WAGE INFORMATION

We were not able to process your request for wage history information received
**07/17/21**, for **ROBERT LACAMBRA**, Social Security Number XXX-XX-**8831**, for the
following reason(s):

☐     Full Social Security Number (SSN) is required to process your request.

☐     Your signature is required to process your request.

☐     Name and/or SSN are illegible.

☐     Wage history prior to **YEAR** is no longer available.

☐     An Authorization for Release of Records, DE 5600, is required to release
      information to a third-party.

☒     No employer wages were reported to the EDD for this name and SSN for
      requested quarters.


Please provide the missing information and resubmit your request by fax to
(916) 449-1994 or mail to address shown below.

If you have any questions regarding this letter, please leave us a message on our
Document Retrieval line at (916) 653-1672.


Document Retrieval/ SM


**CONFIDENTIALITY NOTICE:** This document including any attachments, may contain confidential information solely for the use
of the intended recipient(s). Any disclosure, distribution, or unauthorized use of this confidential information is prohibited, and
may subject you to criminal and/or civil penalties. If you are not the intended recipient, please notify the sender immediately by
telephone and destroy all documents.

DE 501NR (5-20)      PO Box 826880, MIC 15A, Sacramento, CA 94280      www.edd.ca.gov



# UNITED STATES POSTAL SERVICE.

PLAZA ORANGE
308 W CHAPMAN AVE
ORANGE, CA 92856-9998
(800)275-8777

07/27/2021                                    11:57 AM

| Product | Qty | Unit Price | Price |
|---------|-----|------------|-------|
| Envelope 6X9 | 1 | $0.49 | $0.49 |
| Love 2021 | 1 | $0.55 | $0.55 |

Grand Total:                                    $1.04

Cash                                            $1.10
Change                                         -$0.06

*********************************************
USPS is experiencing unprecedented volume
increases and limited employee
availability due to the impacts of
COVID-19. We appreciate your patience.
*********************************************

# EXHIBIT C

☰

U.S. District Court, Central District of California

# CONFIRMATION

The document(s) listed below have been submitted to the United States District Court for the Central District of California using the Electronic Document Submission System ("EDSS"). The document(s) have not yet been filed. Just like documents received through the U.S. Mail, documents received through the Electronic Document Submission System ("EDSS") will not be considered filed until court staff have uploaded them into the Court's Case Management/Electronic Case Filing System ("CM/ECF").

Documents submitted using EDSS should be processed within 1-2 business days of receipt. However, the date of EDSS submission, shown below, will be considered the filing date for any documents submitted through EDSS and later filed into CM/ECF.

**Name:** ROBERT LACAMBRA

**Tracking Number:** EDS-211006-000-1855

**Date:** 10/6/2021

Uploaded files:

- **02 - 21HOO, VC - Exhibits A - I.pdf**
  *Description: EXHIBIT PACKET A - I*

- **05 - 21HOO, VC - REQ Proceed Forma Pauperis.pdf**
  *Description: REQ TO PROCEED IFP*

- **01 - 21HOO, Verified Complaint.pdf**
  *Description: VERIFIED COMPLAINT*

- **06 - 21HOO, VC - APP to file electronically.pdf**
  *Description: APP TO FILE ELECTRONICALLY*

- **03 - 21HOO VC - Civil Cover Sheet.pdf**
  *Description: CIVIL COVER SHEET*

- **04 - 21HOO, VC - Summons.pdf**
  *Description: SUMMONS*

Please include the tracking number as a reference on any communications with the Court about this submission. We recommend that you print this page for your records. You should also receive an email, sent to the email address you provided during the EDSS submission process, confirming your submission.

**For assistance, please contact:**

Civil Intake

United States District Court

Central District of California

Tel: (213) 894-3535

Go back to the main EDSS page.

| Clerk Services | Jurors Information | Attorney Information | Court Procedures |
|---|---|---|---|
| Court Reporting Services | Jurisdiction | Attorney Admissions | Filing Procedures |
| Courtroom Technology | Terms of Service | Attorney Assistance | Forms |
| Employment | Requesting an Excuse | Alternative Dispute Resolution (ADR) | General Orders |
| Interpreter Services | Requesting a Postponement | Capital Habeas | Local Rules |
| Naturalization Ceremony Information | Students | Criminal Justice Act (CJA) | |
| Policy For Limited Use of Court | Payment | Lawyer Representatives | |
| Facilities | Juror Amenities | Pro Bono | |
| Records Department | Dress Code | Direct Assignment of Civil Cases to | |
| Statistical Reports | Security | Magistrate Judges Program | |
| | Employer Information | Attorney Workroom Copier Password | |
| | Checking Status / Confirming | Request | |
| | Reporting Instructions | Mileage Rates | |
| | Certificate of Jury Service | Post-Judgment Interest Rates | |
| | Contact Us | | |
| | Parking / Directions | | |
| | Subsistence Information / Hotels | | |

# EXHIBIT D

**PLEASE POST NEXT TO YOUR IWC OR INDUSTRY OCCUPATION ORDER**

| Amends General Minimum Wage Order and IWC Industry and Occupation Orders |
|---|

## OFFICIAL NOTICE
# California Minimum Wage
### MW- 2019



| EFFECTIVE DATE | Employers with 26 or More Employees* | Employers with 25 or Fewer Employees * |
|---|---|---|
| January 1, 2019 | **$12.00** | **$11.00** |
| January 1, 2020 | **$13.00** | **$12.00** |

### PREVIOUS YEARS

| January 1, 2017 | **$10.50** | **$10.00** |
|---|---|---|
| January 1, 2018 | **$11.00** | **$10.50** |

*Employees treated as employed by a single qualified taxpayer pursuant to Revenue and Taxation Code section 23626 are treated as employees of that single taxpayer.

To employers and representatives of persons working in industries and occupations in the State of California:

**SUMMARY** OF **ACTIONS**

TAKE NOTICE that on April 4, 2016, the Governor of California signed legislation passed by the California Legislature, raising the minimum wage for all industries. (SB 3, Stats of 2016, amending section 1182.12. of the California Labor Code.) Pursuant to its authority under Labor Code section 1182.13, the Department of Industrial Relations amends and republishes Sections 2, 3, and 5 of the General Minimum Wage Order, MW-2017. Section 1, Applicability, and Section 4, Separability, have not been changed. Consistent with this enactment, amendments are made to the minimum wage, and the meals and lodging credits sections of all of the IWC's industry and occupation orders.

This summary must be made available to employees in accordance with the IWC's wage orders. Copies of the full text of the amended wage orders may be obtained by ordering on-line at www.dir.ca.gov/WP.asp, or by contacting your local Division of Labor Standards Enforcement office.

**1. APPLICABILITY**

The provisions of this Order shall not apply to outside salespersons. and individuals who are the parent, spouse, or children of the employer previously contained in this Order and the IWC's industry and occupation orders. Exceptions and modifications provided by statute or in Section 1, Applicability, and in other sections of the IWC's industry and occupation orders may be used where any such provisions are enforceable and applicable to the employer.

**2. MINIMUM W AG ES**

Every employer shall pay to each employee wages not less than those stated above, on each effective date, per hour for all hours worked.

**3. MEALS AND LODGING CREDITS - TAB LE**

When credit for meals or lodging is used to meet part of the employer's minimum wage obligation, the amounts so credited pursuant to a voluntary written agreement may not be more than the following

| EFFECTIVE: | JANUARY 1, 2017 | | JANUARY 1, 2018 | | JANUARY 1, 2019 | | JANUARY 1, 2020 | |
|---|---|---|---|---|---|---|---|---|
| For an employer who employs: | 26 or More Employees | 25 or Fewer Employees | 26 or More Employees | 25 or Fewer Employees | 26 or More Employees | 25 or Fewer Employees | 26 or More Employees | 25 or Fewer Employees |
| **LODGING** | | | | | | | | |
| Room occupied alone | $49.38/ week | $47.03/ week | $51.73/ week | $49.38/ week | $56.43/ week | $51.73/ week | $61.13/ week | $56.43/ week |
| Room shared | $40.76/ week | $38.82/ week | $42.70/ week | $40.76 week | $46.58/ week | $42.70/ week | $50.46/ week | $46.58/ week |
| Apartment – two thirds (2/3) of the ordinary rental value, and in no event more than: | $593.05/ month | $564.81/ month | $621.29/ month | $593.05/ month | $677.75/ month | $621.28/ month | $734.21/ month | $677.75/ month |
| Where a couple are both employed by the employer, two thirds (2/3) of the ordinary rental value, and in no event more than: | $877.27/ month | $835.49/ month | $919.04/ month | $877.26/ month | $1002.56/ month | $919.02/ month | $1086.07/ month | $1002.56/ month |
| **MEALS** | | | | | | | | |
| Breakfast | $3.80 | $3.62 | $3.98 | $3.80 | $4.34 | $3.98 | $4.70 | $4.34 |
| Lunch | $5.22 | $4.97 | $5.47 | $5.22 | $5.97 | $5.47 | $6.47 | $5.97 |
| Dinner | $7.09 | $6.68 | $7.35 | $7.01 | $8.01 | $7.34 | $8.68 | $8.01 |

Meals or lodging may not be credited against the minimum wage without a voluntary written agreement between the employer and the employee. When credit for meals or lodging is used to meet part of the employer's minimum wage obligation, the amounts so credited may not be more than the amounts stated in the table above.

**4. SEPARABILITY**

If the application of any provision of this Order, or any section, subsection, subdivision, sentence, clause, phrase, word or portion of this Order should be held invalid, unconstitutional, unauthorized, or prohibited by statute, the remaining provisions thereof shall not be affected thereby, but shall continue to be given full force and effect as if the part so held invalid or unconstitutional had not been included herein.

**5. AMENDED PROVISIONS**

This Order amends the minimum wage and meals and lodging credits in MW-2017, as well as in the IWC's industry and occupation orders. (See Orders 1-15, Secs. 4 and 10; and Order 16, Secs. 4 and 9.) This Order makes no other changes to the IWC's industry and occupation orders.

**These Amendments to the Wage Orders shall be in effect as of January 1, 2019.**

Questions about enforcement should be directed to the Labor Commissioner's Office. For the address and telephone number of the office nearest you, information can be found on the internet at www.dir.ca.gov/DLSE/dlse.html or under a search for "California Labor Commissioner's Office" on the internet or any other directory. The Labor Commissioner has offices in the following cities: Bakersfield, El Centro, Fresno, Long Beach, Los Angeles, Oakland, Redding, Sacramento, Salinas, San Bernardino, San Diego, San Francisco, San Jose, Santa Ana, Santa Barbara, Santa Rosa, Stockton, and Van Nuys.

**EXHIBIT E**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ROBERT LACAMBRA

CASE NUMBER

PLAINTIFF/PETITIONER,

v.

HOOVES LIQUOR STORE OF ORANGE AND
ROBERTO GONZALES

DEFENDANT(S).

**MODIFIED  REQUEST TO PROCEED
IN FORMA PAUPERIS WITH
DECLARATION IN SUPPORT**

I, ROBERT LACAMBRA , declare under penalty of perjury, that the foregoing is true and correct; that I am the petitioner/plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1.  Are you presently employed?  ☐Yes  ☑No

    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

    _____

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. My last day at Hooves Liquor was Dec.15, 2020. Income from them that month was $140.

2.  Have you received, *within the past twelve months*, any money from any of the following sources?

    a.  Business, profession or form of self-employment?  ☑Yes  ☐No

    b.  Rent payments, interest or dividends?  ☐Yes  ☑No

    c.  Pensions, annuities or life insurance payments?  ☐Yes  ☑No

    d.  Gifts or inheritances?  ☐Yes  ☑No

    e.  Any other income (other than listed above)?  ☐Yes  ☑No

    f.  Loans?  ☐Yes  ☑No

If the answer to any of the above is yes, describe such source of money and state the amount received from each source during the past twelve (12) months: My income from Sept. 1, 2020 ending Sept. 20, 2021 is $4483.00 My income was derived from odd jobs and contributions from family, friends and acquaintances.

---

**REQUEST TO PROCEED IN FORMA PAUPERIS WITH DECLARATION IN SUPPORT**

3.  Do you own any cash, or do you have money in a checking or savings account?  (Include any funds in prison accounts, if applicable.)  ☑Yes    ☐No

    If the answer is yes, identify each account and separately state the amount of money held in **each** account for each of the *six (6) months prior* to the date of this declaration.

    _____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☑Yes    ☐No

    If the answer is yes, describe the property and state its approximate value: <u>1990 GMC SUBURBAN ($500)</u>

    <u>1998 TOYOTA COROLLA ($500)</u>

5.  In what year did you last file an Income Tax return? <u>APPROX. IN 2007</u>

    Approximately how much income did your last tax return reflect? <u>I do not recall, but I would have shown a loss.</u>

6.  List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

    _____

    _____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury.  I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C.  Sections  1621, 3571).

| CALIFORNIA | ORANGE |
|---|---|
| State | County (or City) |

I, <u>ROBERT LACAMBRA</u>                                           , declare under penalty of perjury that the foregoing is true and correct.

OCTOBER 7, 2021
_____                    _____
Date                                       Plaintiff/Petitioner (Signature)